UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN JOHN BIESE and
ROLLO REGINALD PIERRE PRINCE,

    Plaintiffs,

v.             Case No. 19-cv-606-pp

RYAN BAUMANN,

    Defendant.

---

BENJAMIN JOHN BIESE and
ROLLO REGINALD PIERRE PRINCE,

    Plaintiffs,

v.             Case No. 19-cv-690-pp

WILLIAM M. GINSBURG,

    Defendant.

---

BENJAMIN JOHN BIESE,

    Plaintiff,

v.             Case No. 19-cv-760-pp

SERGEANT KYLE COOK, *et al.*,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 13—CASE NO. 19-CV-606; DKT. NO. 3—CASE NO. 19-CV-690; DKT. NO. 6—CASE NO. 19-CV-760), DISMISSING CASES AND IMPOSING A FILING BAR ON BENJAMIN JOHN BIESE**

---

In 2019, plaintiff Benjamin John Biese filed lawsuits in which he named himself and Rollo Reginald Pierre Prince as plaintiffs: 19-cv-606, 19-cv-623,

1

19-cv-668, 19-cv-690 and 19-cv-761.[1] On April 29, 2019, the court received a letter from Rollo Reginald Pierre Prince, indicating that he had not filed any cases in federal court. Case No. 19-cv-606 at Dkt. No. 3. Mr. Prince indicated that someone had been filing lawsuits in his name, and that he knew nothing about them. Id. He told the court that he believed that Biese was the one who had filed the lawsuits and asked the court to straighten things out as soon as possible. Id. Three days later, on May 2, 2019, the court received a letter from *Biese*, addressed to the clerk, asking the clerk to "withdraw" his name as a plaintiff in Case No. 19-cv-606 at Dkt. No. 4.

When Magistrate Judge David E. Jones, the judge originally assigned to these cases, saw Prince's letter, Judge Jones scheduled a hearing to find out what was going on. Case No. 19-cv-606 at Dkt. No. 11. Both Biese and Mr. Prince were present at the hearing via videoconference. Id. at 1. Biese admitted to filing the suits without Prince's permission and stated that he would not object to being barred. Id. Prince confirmed that he did not want Biese to file anything on his behalf or do any legal work for him. Id. at 2. After the hearing, Biese filed a motion asking to re-join the suit in Case No. 19-cv-606, saying that he'd "mistakenly" dismissed the wrong case number. Case No. 19-cv-606 at Dkt. No. 10.

As a result of what he learned in that hearing, Judge Jones issued a report and recommendation, recommending that this court dismiss the three

---

[1] Biese has voluntarily dismissed himself as a plaintiff in Case Nos. 19-cv-623, 19-cv-668 and 19-cv-761. The court will issue separate orders in those cases.

above-captioned lawsuits with prejudice and bar Biese from filing any complaint in this district unless (a) he was filing it on his own behalf and (b) it was either a petition for a writ of *habeas corpus* or a complaint in which he alleged that him, himself, was in imminent danger of serious harm.[2] Case No. 19-cv-606, Dkt. No. 13; Case No. 19-cv-690, Dkt. No. 3; Case No. 19-cv-760, Dkt. No. 6.

Judge Jones's order informed Biese that he had fourteen days from the date the recommendation was issued to object to it, and that if he didn't object within that period, he would be deemed to have waived his right to appeal. The recommendation was dated September 5, 2019; Biese has not objected in any of three cases. The court reviews Judge Jones's un-objected-to recommendation for clear error. Fed. R. Civ. P. 72(a); Johnson v. Zema Systems Corp., 170 F.3d 734 (7th Cir. 1999).

During the hearing, Judge Jones spoke with both Biese and Prince. Biese admitted that he did not have Prince's permission to file these lawsuits and the he either forged Prince's signature (or simply avoided signing Prince's name altogether). Case No. 19-cv-606, Dkt. No. 11 at 1. Prince explained that he had

---

[2] At the time he held the hearing, Judge Jones had not yet screened the complaints and had not ordered them served on the defendants. That meant that none of the defendants in any of the cases had had the opportunity to decide whether to consent to Judge Jones issuing a final decision in any of the cases. As a result, rather than dismissing the cases himself, Judge Jones recommended that the undersigned Article III judge dismiss the cases. See Coleman v. Labor & Indus. Review Comm. Of the State of Wis., 860 F.3d 461, 475 (7th Cir. 2017); 28 U.S.C. §§636(b)(1)(A), 636(c)(1),

3

told Biese to stop helping him and that he did not want Biese filing anything for him. Id. at 2. Prince went on to say that Biese was harassing him. Id.

In his recommendation, Judge Jones examined Biese's filing history, which includes forty-two civil cases filed on Biese's own behalf (this does not include petitions for writs of *habeas corpus* or lawsuits he filed on behalf of other inmates). Case No. 19-cv-606, Dkt. No. 13 at 4-5; Case No. 19-cv-690, Dkt. No. 3 at 4-5; Case No. 19-cv-760, Dkt. No. 6 at 4-5. Judge Jones explained that Biese has a habit of filing and dismissing lawsuits before incurring a "strike" under the Prison Litigation Reform Act. Id. at 4. He noted that Biese "rarely actually pays the initial partial filing fee, let alone a filing fee." Id. at 5. Judge Jones opined that these abusive lawsuits each "have required the work of court staff and judges." Id. at 6.

Judge Jones granted Biese's motion to rejoin the suit in Case No. 19-cv-606. Id. at 7. He recommended that (1) this court dismiss Biese's remaining cases with prejudice as a sanction, and (2) the court institute a filing bar that prevents Biese from filing any lawsuit on anyone's behalf other than his own *and* requires that the lawsuit either be a petition for writ of *habeas corpus or* allege that he is imminent danger of physical harm. Id. at 7. Not only did Judge Jones not commit error—clear or otherwise—but this court wholeheartedly agrees with his recommendations.

Though dismissal is a "particularly severe" sanction, the court has the discretion to do so. Montano v. City of Chi., 535 F.3d 558, 563 (7th Cir.2008) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)). "A district court

4

has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" Seacrease v. W. & S. Life Ins. Co., 800 F.3d 397, 401 (7th Cir. 2015) (quoting Salmeron v. Enterprise Recovery Systems, Inc., 579 F.3d 787, 793 (7th Cir. 2009)). The court agrees with Judge Jones that in filing the 2019 cases, Biese has continued a demonstrated pattern of abusing the judicial process. Filing forty-two lawsuits, without anything else, hints at abuse. Voluntarily dismissing over thirty of those suits in a three-year period, many before paying the initial or the full filing fee, constitutes abuse. Filing cases on behalf of someone who didn't authorize him to do so and signing for them under penalty of perjury goes beyond abuse; it constitutes fraud. Biese's history most certainly justifies the court imposing the sanction of dismissal; the court agrees with Judge Jones that a lesser sanction would not suffice to punish Biese's abusive conduct. Case No. 19-cv-606, Dkt. No. 13 at 13; Case No. 19-cv-690, Dkt. No. 3 at 13; Case No. 19-cv-760, Dkt. No. 6 at 13 (citing Rivera v. Drake, 767 F.3d 685, 687 (7th Cir. 2014)). The court will dismiss Case Nos. 19-cv-606, 19-cv-690, and 19-cv-760 as a sanction for that abusive behavior.

The court also agrees with Judge Jones that dismissing Biese's current lawsuits will not be enough to prevent him from filing—and dismissing—lawsuits in the future. As Judge Jones noted, federal courts have the authority to impose filing bars restricting a plaintiff's ability to file new lawsuits when it's necessary to do so. Id. at 5. See In re LFG, 104 F. App'x 571, 574 (7th Cir. 2004) (filing bar for party who made unauthorized filings in another person's

5

case); Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995) (filing bar for *pro se* party who continued to file false evidence and did not respond to monetary sanctions). The court agrees with Judge Jones' recommendation that the court craft a filing bar that resembles the limitation on inmates who have had three "strikes" under the Prisoner Litigation Reform Act. The "three strikes" rule is meant to prevent prisoners from repeatedly filing vexatious or meritless lawsuits. A filing bar would prevent Biese from repeatedly filing vexatious lawsuits (the court hasn't had the opportunity to determine whether most of them were meritless—Biese rarely has allowed a complaint to proceed to screening). The "three strikes" rule recognizes, however, that even a vexatious and abusive filer may eventually find himself in true, imminent danger of harm, and it carves out two exceptions: it doesn't bar inmates from filing *habeas* petitions, nor does it bar them from filing lawsuits if they are "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The imminent-danger requirement requires the plaintiff to show that physical injury is imminent or occurring at the time he files the complaint and that the threat or prison condition causing the physical injury is "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Judge Jones recommended that this court include those same exceptions in the filing bar against the plaintiff, and that recommendation is a good one.

The court also agrees with Judge Jones, however, that the court must specifically order that Biese cannot file lawsuits on behalf of anyone other than himself, even *habeas* petitions or complaints that allege that someone is under imminent danger of serious physical injury. Biese now has a proven history of filing suits on Mr. Prince's behalf. On March 7, 2019, a federal *habeas* petition was filed in this court, purporting to be filed and signed by Mr. Prince. Prince v. Pollard, 19-cv-344-JPS (E.D. Wis.), at Dkt. No. 1. Judge Stadtmueller, the judge assigned to that case, saw the same April 2019 letter from Mr. Prince that Judge Jones saw (id. at Dkt. No. 7) and dismissed the petition. Id. at Dkt. No. 9. Judge Stadtmueller's dismissal order, which he sent to the prison where Biese is in custody, put Biese on notice that "if he continues to file frivolous lawsuits, the Court will use its authority to impose monetary fines, and may return or refuse to act on any future filings from him." Id. at 2-3. Judge Stadtmueller issued that order on May 21, 2019. At that time, Biese already had filed four other cases naming Prince as a plaintiff—Case Nos. 19-cv-606, 19-cv-623, 19-cv-668 and 19-cv-690. One day later, the court received *another* complaint filed by Biese and naming Biese and Prince as plaintiffs, Prince v. Gonzalez, Case No. 19-cv-761; true to form, the court received Biese's motion to dismiss himself as a plaintiff on May 31, 2019.

Given these events, the court agrees with Judge Jones that Biese has no business filing federal lawsuits of any kind for other people. If other inmates need help filing lawsuits, they will have to find someone other than Benjamin John Biese to assist them.

The court **ADOPTS** Judge Jones' recommendation to dismiss Case Nos. 19-cv-606, 19-cv-690 and 19-cv-760. Case No. 19-cv-606 at Dkt. No. 13; Case No. 19-cv-690 at Dkt. No. 3; Case No. 16-cv-760 at Dkt. No. 6.

The court **ORDERS** that Case Nos. 19-cv-606, 19-cv-690 and 19-cv-760 are **DISMISSED WITH PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that Benjamin John Biese is **BARRED** from filing any lawsuits in the Eastern District of Wisconsin, on his own behalf or on behalf of any other person or entity, with the following exceptions: he is not barred from filing petition for a writ of *habeas corpus* on his own behalf, and he is not barred from filing a civil lawsuit on his own behalf if the lawsuit alleges, and Biese can demonstrate, that he is under imminent danger of serious physical injury as that danger is defined in the Seventh Circuit case law. The court **ORDERS** that if Biese files a lawsuit claiming that he is under imminent danger of serious physical injury and it does not include allegations that meet the Seventh Circuit's definition of imminent danger, the court will dismiss the complaint summarily and may consider further sanctions, including monetary sanctions.

Dated in Milwaukee, Wisconsin, this 28th day of February, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**